IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEFFREY V. HOWES, et al., | * | |
|     Appellants | * | Bankruptcy Appeal No.: |
| v. | | 1:14-cv-02814-ELH |
| | * | |
| WELLS FARGO BANK, N.A., et al. | | |
| | * | |
|     Appellees | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MOTION TO STRIKE APPELLANTS' SECOND AMENDED BRIEF

Appellees U.S. Bank, National Association ("U.S. Bank") and Wells Fargo Bank, N.A. ("Wells Fargo"), by their undersigned attorneys, pursuant to Bankruptcy Rule 8011, respectfully request an Order Striking Appellants' Second Amended Brief, and as the reasons for this motion, state the following.

### Statement of the Case

This is an appeal from a decision of the Bankruptcy Court dismissing Appellants' Complaint against four defendants, U.S. Bank, Wells Fargo, Carrington Mortgage Services, LLC ("Carrington"), and Christiana Trust, A Division of Wilmington Savings Fund Society, FSB ("Christiana Trust").

On August 5, 2014, Appellants filed a Notice of Appeal. The record was transmitted on September 4, 2014, and the appeal was docketed on September 5, 2014.

Although Appellants' Brief was due 14 days later, the Court by consent granted Appellants ten additional days in which to file. Appellants' Brief was thereupon filed on September 29, 2014.

On October 1, 2014, without leave of Court or explanation, Appellants filed an Amended Brief.

On October 5, 2014, Appellants then filed a 417-page appendix, which included several documents not previously designated in the record, but to which Wells Fargo and U.S. Bank had no objection.[1]

On October 13, 2014, Wells Fargo and U.S. Bank timely filed their Appellees' Brief, and on October 16, 2014, with the Court's leave, Appellees Carrington and Christiana Trust filed their Appellees' Brief.

On October 30, 2014, Appellants filed a Reply Brief. But then, Appellants also filed a Second Amended Brief.

Appellees U.S. Bank and Wells Fargo now move to strike Appellants' Second Amended Brief.

## Appellants' Second Amended Brief Should Be Stricken

Bankruptcy Rule 8009(a) provides a stringent timetable for bankruptcy appeals, allowing an appellant only 14 days after the appeal is docketed to file its brief. An appellee's brief is due 14 days later, after which appellant may file a reply brief within 14 days. Bankruptcy Rule 8009(a)(3) expressly provides: "No further briefs may be filed except with leave of the district court …"

In the instant case, Appellants timely filed their initial Appellants' Brief, but two days later submitted Appellants' Amended Brief without leave of court or explanation. Appellees did not object to this supplemental filing and, in fact, responded to the

---

[1] Bankruptcy Rule 8009(b) contemplates the filing of an appendix only if the appeal is to a bankruptcy appellate panel and then **at the same time as appellant's brief.** In this instance, there is no bankruptcy appellate panel, and the appendix was filed seven days after the Appellants' Brief.

2

Amended Brief instead of the original submission.  On October 30, 2014, Appellants filed a Reply Brief, to which a surreply is not allowed.  *In re Jones*, 186 B.R. 71 (W.D. Ky. 1995).

Remarkably, <u>after</u> submitting their Reply Brief, Appellants then filed a Second Amended Brief – to which a response date of November 17, 2014 was noticed by the Court's electronic filing system.

There is no procedural rule allowing an appellant to start the briefing process all over again after the appellant's brief, appellee's response, and appellant's reply have all been drafted and filed.  Even more egregious is that Appellants' Second Amended Brief was submitted to the Court without a redlined version showing how it differs from their first Amended Brief.  As each document is 50 pages long, it is inherently unreasonable to expect the Appellees to compare each and every line to determine what, if any, changes have been made.

Moreover, if anything new has been added, it would be prejudicial to Appellees who have already responded to everything Appellants could muster in their first Amended Brief.  It is well-settled that an issue raised by an appellant in a "supplemental" brief rather than an opening brief may not be considered by the appellate court.  *In re Flynn,* 185 B.R. 89 (S.D. Ga. 1995).  U.S. Bank, Wells Fargo, Carrington, and Christiana Trust have all relied on the briefing schedule set forth in the Bankruptcy Rules.  It would be an injustice for them now to incur the additional expense of responding to a very untimely, and unexplained, Second Amended Brief.

**Conclusion**

This appeal was already fully briefed when, on October 30, 2014, Appellants filed their Second Amended Brief. There is no procedural rule allowing such a late filing, nor should the Court consider anything new that was not already included in Appellants' Amended Brief. Further, there is no redlined version by which Appellees or the Court could determine what amendments, deletions, and additions have been made, and the time-and-expense that Appellees would incur uncovering and responding to such changes is inherently unreasonable and prejudicial to them. As the Second Amended Brief was untimely filed without leave of court, without explanation, and without reference to the bankruptcy appellate rules, it should now be stricken. An Order Striking Appellants' Second Amended Brief, in the form attached hereto, should be entered by the Court.

        s/ Douglas B. Riley
        Douglas B. Riley, 01220
        Treanor Pope & Hughes, P.A.
        500 York Road
        Towson, Maryland 21204
        Phone: (443) 901-2369,
        Email: dbriley@tph-law.com

*Attorneys for Appellees, Wells Fargo Bank and U.S. Bank, National Association*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 31st day of October, 2014, copies of the foregoing Motion to Strike Appellants' Second Amended Brief were served electronically through the Court's CM/ECF transmission facilities on each party registered as a CM/ECF participant who has consented to electronically service and, if not a party registered as a CM/ECF participant, then mailed, first-class mail, postage prepaid, fully addressed as follows:

>Robert J. Haeger, Esquire
>11403 Seneca Forest Circle
>Germantown, Maryland 20876
>Email:  www.haegerlaw.com
>
>*Attorney for Appellants,*
>*Jeffrey V. Howes and Tonya H. Howes*
>
>Michael T. Cantrell, Esquire
>Kyle J. Moulding, Esquire
>McCabe, Weisberg & Conway
>312 Marshall Avenue, Suite 800
>Laurel, Maryland 20707
>Email:  bankruptcymd@mwc-law.com
>
>*Attorneys for Appellees, Carrington Mortgage Services,*
>*LLC and Wilmington Savings Fund Society, FSB*
>
>Ellen W. Cosby, Esquire
>300 E. Joppa Road, Suite 409
>Towson, Maryland 21286
>
>*Chapter 13 Trustee*

>>s/ Douglas B. Riley
>>Douglas B. Riley